## Reed v. S. H. Cart Drilling Co. et al.

December 3, 1946.

V. R. Bentley for appellant.

J. E. Sanders for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

O. H. Reed sustained an injury to his ring finger on his right hand which necessitated its amputation below

the second joint. The first amputation was not satisfactory and later there was a reamputation which was successful. It appears also that the right wrist and other parts of the hand were injured to some extent. Three doctors who testified for Reed placed the extent of his injury to the right hand as a whole at from 30 to 33 1/3 per cent. He was finally awarded compensation on the basis of 33 per cent disability to his hand as a whole and was allowed 29 days loss of time. While Reed denies ever having signed Settlement Form 9, such a form appears in the record showing he was allowed compensation to the extent of $160. He refused to accept the last $4 of this amount and applied to the board for a reopening of the case, the outcome of which is shown above. The board's opinion shows that it disregarded Form 9, so Reed's charge that it was fraudulently executed need not concern us further. The company offered no testimony so the board had before it only the medical testimony mentioned above. Reed sought to show he had sustained an injury to his body as a whole, because when he sustained his injury his finger had become entangled in the cable on a drill bit which was hanging down in a well and he had the heavy weight of that instrument pulling on his arm and body until he became disengaged. The doctor who performed the second amputation also made an experimental operation on a muscle in his neck in an effort to relieve the pressure at the point of the injury. This operation was unsuccessful, but the doctor testified it could have in no way contributed to an injury to the body as a whole. The same doctor took X-ray pictures of Reed's spine. These pictures showed rather pronounced hypertrophic arthritic changes present above the fifth, sixth and seventh cervical vertebrae. The doctor testified positively that this condition was not the result of trauma, but was "an anomalous condition which has been described under the name of Klippel-Fiel's disease." Under the evidence presented in the record we think the board made a proper award for Reed's injury.

Reed was away from his work 36 days after his injury and after his finger was first amputated. This was the only loss of time considered by the board, notwithstanding the fact that the record contains a statement prepared by Reed which shows that, because of the sec-

ond amputation of his finger, the operation on his neck and several visits to doctors, he was away from his work 83 days. The company offered no proof showing that Reed's statement was in error, and, unquestionably, he was away from work more than the 36 days considered by the board, so we are of the opinion the loss of time allowance should have been made on the basis of 83 days.

When the record was forwarded from the board to the Pike Circuit Court, the loss of time statement just mentioned was omitted. Later, however, it was supplied. Because of the denial that Form 9 was executed, the omission of the loss of time statement, and the fact that counsel for Reed was not furnished a copy of the full board opinion, doubtless through inadvertence, a vigorous charge of fraud was made upon the member of the board who prepared the full boards opinion and the company's insurance carrier. In his attack upon the board member Reed's attorney has made accusations and brought in matters wholly foreign to the record before us, and in no sense warranted under ethical legal practice. Regardless of what the personal views of the attorney may be about the board member in question, we think the charges of fraud are wholly unwarranted.

Judgment reversed, with directions to set it aside and for the case to be remanded to the board for the entry of an award consistent with this opinion.